**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VICTOR MANUEL GOMEZ HERNANDEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 5:26-cv-04341-ACCV

**ORDER DENYING FIRST AMENDED PETITION FOR HABEAS CORPUS**

## I. RULING

On August 31, 2026, Petitioner Victor Manuel Gomez Hernandez ("Petitioner") filed First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2241, challenging his detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (Dkt. 15 at 16-18.) For the reasons stated below, the Court DENIES the FAP.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Honduras. (Dkt. 15 at 6.) On February 15, 2024, United States Border Patrol ("USBP") arrested Petitioner near Eagle Pass International Bridge in Texas. (*Id.* at 3.) Notably, the I-213 form refers to Petitioner by his name and in the same paragraph refers to an individual identified as "Zamora".

(Dkt. 15-2 at 3.) On March 3, 2024, an immigration judge affirmed United States Citizenship and Immigration Services' decision that Petitioner did not establish a reasonable fear of persecution or torture in Honduras, and returned the case to the Department of Homeland Security ("DHS") for removal of Petitioner. (*Id.*) On March 8, 2024, Petitioner was removed from the United States to Honduras. (*Id.*) Petitioner re-entered the United States on an unknown date in an unknown place, without being admitted or inspected. (*Id.*)

Petitioner proffers no evidence of Petitioner's conduct since arriving in the United States. (*See generally* Dkt. 15.)

On May 15, 2002, Petitioner was arrested for violating California Penal Code Sec. 602.1(b), Trespass: Obstruction/Etc. Business, Public Agency (misdemeanor) and California Penal Code Sec. 602(j), Trespass: Build Fires (misdemeanor). (Dkt. 15-2 at 3.) Petitioner was sentenced to one year of probation and a fine. (*Id.*) On August 21, 2011, Petitioner was arrested for violating California Penal Code Sec. 647(f), Disorderly Conduct: Under Influence of Drugs (misdemeanor) and was released with no conviction. (*Id.* at 3-4.) On June 25, 2016, Petitioner was arrested for violating California Penal Code Sec. 647(f), Disorderly Conduct: Intoxicated by Drugs/Alcohol and was released with no conviction. (*Id.* at 4.)

On July 26, 2026, Petitioner was arrested during an Immigration and Customs Enforcement ("ICE") operation while walking in Los Angeles, California. (Dkt. 15-2 at 3.) No bond hearing has been held.

On August 2, 2026, Petitioner filed a petition for writ of habeas corpus and Respondents filed an answer on August 10, 2026. (Dkts. 1, 9.) Petitioner filed a reply on August 12, 2026. (Dkt. 10.) On August 19, 2026, the Court held a status conference to determine if further briefing was needed as Petitioner raised new arguments in Petitioner's reply. (Dkt. 12.) On August 27, 2026, the Court ordered Petitioner to file an amended petition and for Respondents to file an answer no later than seven days later. (Dkt. 14.)

On August 31, 2026, Petitioner filed the FAP. (Dkt. 15.) Petitioner alleges his continued detention violates the Fifth Amendment's Right to Due Process due to an unreliable identity determination. (*Id*. at 16.) Respondents counter that Petitioner is a noncitizen subject to a reinstated removal order and as a result, his detention is mandatory and any misidentification was harmless error. (Dkt. 16 at 2.) Petitioner's reply largely reiterates arguments made in the FAP. (*See generally* Dkt. 17.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

In this habeas action, Petitioner claims that his detention is unlawful because it violates the Fifth Amendment's due process protections. (Dkt. 15 at 16–18.) Principally, Petitioner challenges DHS' identity determination—whether Petitioner's purported prior removal order is in fact his and mandates his detention. (*Id.* at 16.) For the reasons below, the court disagrees.

### A. Habeas Jurisdiction

As a threshold matter, the Court has jurisdiction over this action because Petitioner is not challenging his removal proceedings, he is challenging his prolonged detention by Respondents. (*See generally* Dkts. 15;17.)

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be

deprived of . . . liberty . . . without due process of law[.]" U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

**B. Petitioner's Due Process Claim**

Petitioner argues he is not subject to mandatory detention because the removal order contains unreliable identity determination. (Dkt. 15 at 17.) Respondents assert Petitioner cannot demonstrate he was not previously removed and Petitioner's I-213 is otherwise consistent absent the one reference to another person. (Dkt. 16 at 2–3.)

"When a final order of removal has been entered against [a noncitizen] the Government must facilitate [their] removal within a 90-day 'removal period.'." *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) (citation omitted). During this period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (upholding constitutionality of mandatory detention during this period).

Under 8 C.F.R. § 241.8(a), to effectuate a reinstatement of a removal order, an immigration officer is required to make three determinations: (1) verify the identity of the noncitizen; (2) obtain the prior order of removal pertaining to the noncitizen; and (3) determine whether the noncitizen reentered the United States illegally. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007); *see e.g.*, *Oliva v. Marin*, No. 5:26-CV-02120-AB, 2026 WL 2111873, at *6 (C.D. Cal. May 6, 2026). In disputed cases of identification, verification of identity is accomplished by a comparison of fingerprints. 8 C.F.R. § 241.8(a)(2).

The first factor is germane here. The I-213 states that "USBP served ZAMORA with a Notice and Order of Expedited Removal . . .". (Dkt. 16-1 at 5.) Nowhere else in the I-213 is Zamora referenced, nor is Zamora referenced in any of the other immigration documents provided by Respondents. (*Id*. at 1-18.) It appears the reference to Zamora is a typo or inadvertent mistake. The Court also notes that on

Form I-871, Notice of Intent/Decision to Reinstate Prior Order, the signature "Victor" appears in the "Acknowledgment and Response" box on the line for "Signature of Alien". (*Id*. at 8.) The Court further notes that Petitioner's A-Number, 246674886, remains consistent throughout the forms. (*Id.* at 3, 8, 10, 12, 14, 16.) Petitioner, who carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief, offers no evidence to support his allegation that he is not subject to an expedited removal order. Thus, Petitioner is subject to mandatory detention pursuant to his prior removal order.

## V. CONCLUSION

For the reasons stated, the Court DENIES the FAP.

DATED: September 22, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge